By the Court, Nelson, Ch. J.
The prisoner was indicted on a charge of arson for setting fire to an “ inhabited dwelling- *402 house of one Peter Lang, situate and being in a certain street called Broadway, in the sixth ward of the city of New York, known and distinguished as No. 333 in said street,” &c. It turned out in proof that the dwelling-house was situated in the fifth ward of the city, instead of the sixth, as charged in the indictment, whereupon the counsel for the prisoner took an objection on the ground of variance. The court below were of opinion that the objection was fatal; but on being advised that the New-York general sessions had ruled otherwise in d similar case, they consented that the trial might proceed, and the prisoner was convicted.
The opinion expressed at the trial was undoubtedly correct, as the place was stated by way of local description and not as venue merely. Mr. Archbold observes that, “ where a place is stated as matter of local description, the slightest variance between the description of it in the indictment, and the evidence, will be fatal.” (Arch. Cr. Pl. 41.) He instances indictments for stealing in a dwelling-house, for burglary, for arson, for forcible entry, for entering or being in a close by night for the purpose of taking game dec., and the like; in which cases a variance in the name of the parish or place where the house is situated, or in any other description given of it, will be fatal. (See also id. 97, 107, 8, 264; 3 Chitty’s Cr. L. 365; Stephen’s Pl. 291.)
This principle was recognized and acted upon in the case of Rex v. Woodward, (Moody’s Cr. Cas. 323,) which was an indictment for arson, charging the,, setting fire to a certain outhouse situate in the parish of N. in the county of Nottingham, whereas it turned out upon the evidence that it was situate in the parish of P. There was also a count for setting fire to a stack of beans. Justices Gaselee and Littledale, before whom the prisoner was tried, thought the objection on the ground of variance well taken in relation to the out-house, as there was a local description given of it which should be proved as laid; but they were inclined to think otherwise in respect to the charge for setting fire to the stack of beans, as that might be considered in the light of a common larceny, which need not be *403 proved to have been committed in the parish alleged, provided it was in the county.
Mr. Archbold, in commenting on the indictment for arson, observes that “ the parish is material, for it is stated as part of the local description of the house burnt, being referred to by the subsequent words 1 there situate.’ Therefore, if the house be proved to be situate in another parish, the defendant must be acquitted.” He adds, that in a late case, (referring to Rex v. Woodward, supra,) “ upon an indictment for setting fire to a stack of pulse, it was holden that the offence was not of a local nature. But, in that case, the indictment gave no local description to the property destroyed.” (Arch. Cr. Pl. 263.) And such will appear to be the fact on examining the case.
In Rex v. Bullock, (Moody’s Cr. Cas. 324, n.,) on an indictment for breaking and entering a dwelling-house situate in the parish of B-, which was misdescribed, Littledale, J. directed an acquittal of the capital part of the charge, but allowed a verdict of guilty for the larceny.
I am satisfied the objection on the ground of variance was well taken, and that the prisoner was entitled to an acquittal for this reason.
New trial granted.(a)

 See Cowen and Hill’s Notes to Phil. Ev. 538, 9.